IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| In re: VINCENT J. KIRBY )<br>JACQUELINE A. KIRBY )<br>**Debtors** )<br>)<br>CREDIT ACCEPTANCE CORPORATION )<br>**Moving Party** )<br>)<br>v. )<br>)<br>VINCENT J. KIRBY )<br>JACQUELINE A. KIRBY )<br>**Respondents** )<br>)<br>WILLIAM C. MILLER )<br>**Trustee** )<br>) | | CHAPTER 13<br><br>Case No.: 18-12491 (MDC)<br><br>**Hearing Date: 2-12-19 at 10:30 AM**<br><br>11 U.S.C. 362 |

## **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Credit Acceptance Corporation ("Credit Acceptance") filing this its Motion For Relief From The Automatic Stay ("Motion"), and in support thereof, would respectfully show:

1. That on April 13, 2018, Vincent and Jacqueline Kirby filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361 and 362 and 28 U.S.C. 157 and 1334.

3. On February 3, 2018, the Debtor(s) entered into a retail installment contract for the purchase of a 2006 Chevrolet Suburban 1500 bearing vehicle identification number 3GNFK16Z76G120938. The contract was assigned to Credit Acceptance Corporation and the Debtors became indebted to Credit Acceptance in accordance with the terms of same. Credit Acceptance Corporation is designated as first lien holder on the title to the vehicle and holds a

first purchase money security interest in the vehicle. A true copy of the contract and title inquiry to the vehicle are annexed hereto as Exhibits A and B.

    4. As of January 7, 2019, the Debtors' account with Credit Acceptance had a net loan balance of $6,829.83.

    5. According to the January 2019 NADA Official Used Car Guide, the vehicle has a current retail value of $9,175.00.

    6. The Debtors' account is past due post-petition from August 3, 2018 to January 3, 2019 with arrears in the amount of $2,030.54.

    7. Credit Acceptance Corporation alleges that the automatic stay should be lifted for cause under 11 U.S.C. 362(d)(1) in that Credit Acceptance lacks adequate protection of its interest in the vehicle as evidenced by the following:

        (a) The Debtors are failing to make payments to Credit Acceptance and are failing to provide Credit Acceptance with adequate protection.

WHEREFORE PREMISES CONSIDERED, Credit Acceptance Corporation respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Credit Acceptance to permit Credit Acceptance to seek its statutory and other available remedies; (2) that the stay terminate upon entry of this Order pursuant to the authority granted by Fed.R.Bank.P., Rule 4001(a)(3) and (3) Credit Acceptance be granted such other and further relief as is just.

Respectfully submitted,

/s/ William E. Craig
William E. Craig
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057
Phone: 856/866-0100, Fax: 856/722-1554
Attorney ID: 92329
Local Counsel for Credit Acceptance Corporation